1  TAZAMISHA H. IMARA (SBN 201266)
   timara@constangy.com
2  **CONSTANGY, BROOKS, SMITH & PROPHETE LLP**
   600 Anton Boulevard, 11th Floor
3  Costa Mesa, California 92626
   Telephone: (949) 743-3979
4  Facsimile: (949) 743-3934

5  LISA YUMI MITCHELL (SBN 311407)
   lmitchell@constangy.com
6  **CONSTANGY, BROOKS, SMITH & PROPHETE LLP**
   2029 Century Park East, Suite 1100
7  Los Angeles, California 90067
   Telephone: (310) 909-7775
8  Facsimile: (424) 320-0643

9  Attorneys for Defendants **UNION PACIFIC RAILROAD COMPANY**

10

11              UNITED STATES DISTRICT COURT

12     CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

13

14  JESSICA BELL, an individual,          Case No. 8:22-CV-00263

15              Plaintiff,
                                          **ATTACHMENT (EXHIBIT 1) TO**
16     vs.                                **DEFENDANT'S NOTICE OF**
                                          **REMOVAL – STATE COURT**
17  UNION PACIFIC RAILROAD                **COMPLAINT**
    COMPANY, a Delaware Corporation; and
    DOES 1-50, inclusive,
18                                        *[Concurrently filed with Notice of*
                Defendants.               *Removal; Civil Cover Sheet; Corporate*
19                                        *Disclosure Statement; and Certificate of*
20                                        *Interested Parties]*

21
                                          Complaint Filed:  January 18, 2022
22                                        Trial Date:       None Set
                                          District Judge:   Not Yet Assigned
23                                        Magistrate Judge: Not Yet Assigned

24

25

26

27

28

EXHIBIT 1 TO NOTICE OF REMOVAL – COMPLAINT       CASE NO.:8:20-CV-263

Electronically Filed by Superior Court of California, County of Orange, 01/18/2022 08:00:00 AM.
30-2022-01241098-CU-WT-WJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Hailey McMaster, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:** Union Pacific Railroad Company, a Delaware
***(AVISO AL DEMANDADO):*** Corporation; and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** JESSICA BELL, an individual
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Orange<br>~~XXXXXXX XXXXX XXXXXXXXX~~<br>~~XXXXXXXXXXXXXXXXX XXXXXX~~ | West Justice Center<br>8141 13th Street<br>Westminster, CA 92683 | CASE NUMBER:<br>*(Número del Caso):*  Judge Richard Lee<br><br>30-2022-01241098-CU-WT-WJC |
|---|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Larry Herrera
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Sessions & Kimball LLP
23456 Madero, Suite 170, Mission Viejo, CA 92691                                                    (949) 380-0900

| DATE:<br>*(Fecha)* 01/18/2022   DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* _H. McMaster_ | , Deputy<br>*(Adjunto)* |
|---|---|---|

Hailey McMaster

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Union Pacific Railroad Company, a Delaware Corporation

under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☑ by personal delivery on *(date):*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder |
|---|---|---|

Electronically Filed by Superior Court of California, County of Orange, 01/18/2022 08:00:00 AM.
30-2022-01241098-CU-WT-WJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Hailey McMaster, Deputy Clerk.

**SESSIONS & KIMBALL LLP**
Larry Herrera, State Bar No. 278315
23456 Madero, Suite 170
Mission Viejo, California 92691
Tel: (949) 380-0900
Fax: (949) 380-8283
Attorneys for Plaintiff
JESSICA BELL

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
### FOR THE COUNTY OF ORANGE

**Assigned for All Purposes**
**Judge Richard Lee**

| | |
|---|---|
| JESSICA BELL, an individual, ) | Case No: 30-2022-01241098-CU-WT-WJC |
| ) | |
| Plaintiff, ) | **COMPLAINT FOR:** |
| ) | 1) Sex/Pregnancy Discrimination (Gov. |
| v. ) | Code §12940(a)); |
| ) | 2) Denial of CFRA Rights (Gov. Code |
| Union Pacific Railroad Company, a ) | §12945.2(a); |
| Delaware Corporation; and DOES 1-50, ) | 3) Retaliation for exercising CFRA Rights |
| inclusive, ) | (Gov. Code § 12945.2(k)(1) |
| ) | |
| Defendants. ) | **JURY TRIAL DEMANDED** |

Plaintiff JESSICA BELL hereby complains and alleges as follows:

### PRELIMINARY ALLEGATIONS

1.    The amount in controversy is in excess of the minimum jurisdiction of this court.

2.    Plaintiff JESSICA BELL ("BELL") is an individual residing in the State of
California, County of Orange.

3.    Defendant Union Pacific Railroad Company (UPRR or DEFENDANT) is a
Delaware corporation doing business in California, located at 1400 Douglass Street, Omaha, NE
68179.

4.    In BELL's final position with UPRR, her primary office was in the County of
Orange.

5.    The true names and capacities of DEFENDANT DOES 1 through 50 inclusive
("DEFENDANT DOES"), whether individual, corporate, associate, or otherwise, are unknown

---

1
COMPLAINT

1  to BELL, who therefore sues such DEFENDANTS by fictitious names pursuant to Code of Civil

2  Procedure § 474.  BELL will amend the Complaint to show their true names and capacities once

3  they have been ascertained.

4        6.     BELL is further informed and believes, and thereon alleges, that each of the

5  fictitiously named DEFENDANT DOES is responsible in some manner for the occurrences

6  herein alleged, and that BELL's injuries and damages as alleged herein were proximately caused

7  by their conduct.

8        7.     BELL is informed and believes, and thereon alleges, that CHMC, CHS and

9  DEFENDANT DOES, and each of them, at all relevant times herein were the agents, employees,

10  servants, joint venturers, alter egos, parents, subsidiaries, management companies, holding

11  companies, directors, fiduciaries, representatives, and/or co-conspirators of each of the

12  remaining CHMC, CHS and DEFENDANT DOES.  CHMC, CHS and DEFENDANT DOES, in

13  doing the things hereinafter alleged, were acting within the course and scope of such

14  relationships and are responsible in some manner for the occurrences herein alleged and, as a

15  proximate cause, of CLUTE's damages as herein alleged.

16  **FACTUAL BACKGROUND**

17        8.     In or about January of 2006, UPRR hired BELL to the position of Associate

18  Internal Auditor.

19        9.     From then on, BELL climbed the ranks and had several promotions throughout

20  the years, and on or about March 2013, UPRR promoted BELL to her final position of Manager

21  II Finance.

22        10.    In or about July of 2021, while BELL was still on her maternity leave, her

23  Manager, Bret Brocky, gave BELL notice that UPRR was moving BELL to a new position.

24  UPRR did not consult BELL before doing this, and BELL did not want the new position.  UPRR

25  informed BELL that they would backfill BELL's original position.

26        11.    BELL protested, but UPRR did not do anything.  However, when BELL's co-

27  worker, Nhuthuy Tran, protested the decision to transfer BELL, UPRR relented and agreed to

28  keep BELL in her same position.

2

COMPLAINT

12.     On or about August 4, 2021, while BELL was still on maternity leave, Brocky told BELL that he was being moved to a new position and they would not backfill his position, so a significant portion of his duties would be given to BELL upon her return to UPRR.  UPRR expected BELL to take on her supervisor's duties as well as her original duties without a pay raise or title change.

13.     UPRR refused to back fill Brocky's position.  UPRR would have benefited from filling his position because UPRR would make more profit keeping it filled since Passenger Accounting positions at UPRR are fully reimbursable by Metra and have a labor additive.

14.     On or about August 9, 2021, BELL returned from her 12-week maternity leave and immediately started training for Brocky's previous position while also keeping up with her original workload.

15.     In or about August, 2021, BELL had a video call with Carrie Powers, Assistant Vice President of Financial Reporting.  Powers apologized to BELL for the runaround with the position changes and told BELL to let UPRR know if she was getting overwhelmed with the workload.

16.     During BELL's training sessions with Brocky, she realized that this new workload was not feasible alongside her own workload and she began to feel overwhelmed.  She expressed this sentiment to Brocky, but Brocky just urged her to keep powering through.  When BELL realized she was going nowhere with Brocky, she scheduled a video call with her new direct supervisor, Julia Ulrich, the General Director of Finance and Planning Subsidaries.

17.     On or about August 20, 2021, BELL had a video call with Ulrich, where she reiterated her workload was excessive and impossible.  Ulrich came up with the idea of transferring BELL's new responsibilities over to the Omaha office.

18.     On or about August 23, 2021, BELL followed up with Ulrich about transferring her new duties to Omaha, but she never received a reply.

19.     On or about August 27, 2021, BELL brought up Ulrich's idea about transferring duties to Omaha to Brocky.  Brocky told BELL that the plan would simply not work.  After hearing this, BELL thought Ulrich gave her false hope so that BELL would stop complaining

COMPLAINT

1    about her overwhelming workload.

2        20.    BELL also told Brocky and Ulrich that the coming months (September to

3    November) were BELL's busiest times of the year because it was budget season.  For BELL, this

4    meant that she had to work nights and weekends during these months on a normal year.  BELL

5    further tried to explain that this year would be even more unbearable, for now she has the added

6    responsibility of Brocky's duties as well as a newborn child.

7        21.    BELL reiterated to Brocky and Ulrich she could not handle her workload,

8    especially from September to November.  No actions were taken.

9        22.    On or about August 30, 2021, extremely stressed by her workload and feeling that

10    UPRR thrust this unbearable workload onto BELL to get her to resign as a result of her status as

11    a new mother, BELL was forced to resign.  No reasonable person would have continued to wor

12    in the conditions that UPRR was forcing Bell to work under.

13                    **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

14        23.    BELL filed a complaint with the California Department of Fair Employment and

15    Housing ("DFEH") in or around January 17, 2022, against UPRR.

16        24.    The DFEH thereafter issued BELL a Right-to-Sue Letter on January 17, 2022.

17        25.    BELL has, therefore, exhausted all required administrative remedies.

18

19                        **FIRST CAUSE OF ACTION**
                        **Pregnancy Discrimination**
20                    **(Violations of Gov. Code § 12940(a))**
                        **[Against All Defendants]**
21

22        26.    BELL realleges and hereby incorporates by reference the allegations of

23    paragraphs 1 through 25, inclusive, with the same force and effect as if said paragraphs were

24    fully set forth herein.

25        27.    At all times material hereto, DEFENDANTS were employers within the meaning

26    of Government Code § 12926(d).  DEFENDANTS were prohibited from discriminating in

27    employment decisions, including layoffs, termination terms, conditions, or privileges of

28    employment, on the basis of gender and pregnancy pursuant to Government Code § 12940(a)

                                    **4**

1   and § 12926(r)(1).

2   28.   BELL was a pregnant employee, employed with DEFENDANT, protected by

3   Government Code § 12940(a), which prohibits discrimination in employment on the basis of

4   pregnancy.

5   29.   DEFENDANTS discriminated against BELL because of her sex and pregnancy.

6   30.   DEFENDANTS changed BELL's title, then changed her title back to her original

7   position, but added many of her duties after she returned on leave due to her pregnancy.

8   31.   BELL's pregnancy was a motivating reason for DEFENDANT's decision to

9   change BELL's job title during BELL's maternity leave, and then adding to her duties after

10   BELL returned from maternity leave.

11   32.   BELL has been subjected to disparate treatment by DEFENDANTS because of

12   her pregnancy in violation of Government Code § 12940(a).

13   33.   DEFENDANTS' conduct was a substantial factor in causing BELL harm.

14   34.   As a direct, foreseeable and proximate result of DEFENDANTS, and each of their

15   behaviors, BELL has suffered, and continues to suffer, substantial losses in past and future

16   earnings, bonuses, deferred compensation and other employment benefits, all to BELL's damage

17   in an amount according to proof at trial.

18   35.   As a result of DEFENDANTS' behavior, BELL has suffered and incurred, and is

19   presently suffering and incurring, serious harm and damage to BELL's personal and professional

20   reputation and credibility all to BELL's damage in an amount according to proof at trial.

21   36.   As a result of DEFENDANTS' behavior, BELL has suffered, and continues to

22   suffer, severe and lasting embarrassment, humiliation, mental anguish and emotional distress,

23   and incidental and consequential damages and expenses, all to BELL's damage in an amount

24   according to proof at trial.

25   37.   BELL is informed and believes, and thereon alleges, that DEFENDANTS and

26   their managing agents and employees committed the acts described herein deliberately,

27   callously, maliciously, fraudulently, and in an oppressive manner intended to injure BELL and

28   that such improper motives amounted to malice and a conscious disregard of her rights. In doing

5

COMPLAINT

1   the acts as herein alleged, DEFENDANTS, and their managing agents and employees, were

2   acting pursuant to the authorization of DEFENDANTS. An award of punitive damages against

3   DEFENDANTS is therefore warranted.

4         38.     As a result of the discriminatory conduct of DEFENDANTS, as alleged herein,

5   BELL is entitled to costs of suit, including reasonable attorney's fees, pursuant to Government

6   Code § 12965(b), in an amount according to proof at trial.

7

**SECOND CAUSE OF ACTION**
8   **Denial of CFRA Rights**
**Violation of Gov. Code § 12945.2(a)**
9   **[Against All Defendants]**

10        39.   BELL repeats and realleges each and every allegation contained in paragraphs 1

11  through 38, inclusive, and incorporates the same by reference as if fully set forth herein.

12        40.   At all times mentioned herein, BELL was employed by DEFENDANTS.

13        41.   At all times material hereto, DEFENDANTS were employers within the meaning of

14  Government Code §§ 12926(d) and 12945.2(3).

15        42.   BELL was eligible for up to 12 weeks for leave to care for own medical condition

16  or that of a family member.

17        43.   At the end of the BELL's leave, she was entitled to return to her same work position

18  with DEFENDANT, or a comparable position.

19        44.   During BELL's leave, DEFENDANTS informed her that they were changing her

20  position effective when she returned to work following her leave.

21        45.   DEFENDANTS then informed BELL that they were no longer going to change

22  her position.

23        46.   Then, once again, DEFENDANTS notified BELL while she was on a CFRA

24  protected leave of absence that when she returned to work, she would be returning to a different

25  position.

26        47.   When BELL returned to work following her CFRA leave of absence,

27  DEFENDANTS had significantly changed her job duties and job responsibilities.

28

48. DEFENDANTS violated BELL's CFRA rights by denying her right to return to the same or comparable employment position following a CFRA leave of absence. As a direct, foreseeable and proximate result of DEFENDANTS, and each of their behaviors, BELL has suffered, and continues to suffer, substantial losses in past and future earnings, bonuses, deferred compensation, and other employment benefits, all to BELL's damage in an amount according to proof at trial.

49. As a result of DEFENDANTS' behavior, BELL has suffered and incurred and is presently suffering and incurring, serious harm and damage to BELL's personal and professional reputation and credibility, all to BELL's damage in an amount according to proof at trial.

50. As a result of DEFENDANTS' behavior, BELL has suffered, and continues to suffer, severe and lasting embarrassment, humiliation, mental anguish and emotional distress, and incidental and consequential damages and expenses, all to BELL's damage in an amount according to proof at trial.

51. BELL is informed and believes, and thereon alleges, that DEFENDANTS and their managing agents and employees committed the acts described herein deliberately, callously, maliciously, fraudulently and in an oppressive manner intended to injure BELL and that such improper motived amounted to malice and a conscious disregard of BELL's rights. In doing the acts herein alleged, DEFENDANTS, and their managing agents and employees, were acting pursuant to the authorization of DEFENDANTS. An award of punitive damages against DEFENDANTS is therefore warranted.

52. As a result of the discriminatory conduct of DEFENDANTS, and each of them, as alleged herein, BELL is entitled to costs of suit, including reasonable attorney's fees, pursuant to Government Code § 12965(b), in according to proof at trial.

### THIRD CAUSE OF ACTION
**Retaliation for Exercising CFRA Rights**
**(Violations of Gov. Code § 12945.2(k))**
**[Against All Defendants]**

53. BELL repeats and realleges each and every allegation contained in paragraphs 1 through 52, inclusive, and incorporates the same by reference as if fully set forth herein.

54.    At all times mentioned herein, BELL was employed by DEFENDANTS.

55.    At all times material hereto, DEFENDANTS were employers within the meaning of Government Code §§ 12926(d) and 12945.2(3).

56.    BELL was eligible for up to 12 weeks for care for the employees own health condition.

57.    At the end of the BELL's pregnancy disability, BELL was eligible for up to 12 workweeks for reason of birth of her child.

58.    DEFENDANTS retaliated against BELL for taking CFRA leave after the birth of her child.

59.    DEFENDANTS retaliated by changing BELL's job duties such that she was forced to do the job she was performing prior to starting her leave of absence, and take on nearly all the job duties of her former manager, who had been promoted.

60.    BELL made several complaints about her new workload being unbearable, but UPRR refused to take any steps to help BELL.

61.    UPRR gave BELL this unbearable workload in order to force her to resign.

62.    No reasonable person would have continued to work under the conditions that UPRR subjected her to.

63.    BELL was forced to resign from her position rather than continue to work under such work conditions.

64.    DEFENDANTS constructively terminated BELL's employment in violation of California Government Code §12945.2 and California Code of Regulations Title 2, §7291.13(c) because BELL took a CFRA leave.

65.    DEFENDANT constructively terminated BELL's employment because she took her CFRA leave.

66.    As a direct, foreseeable and proximate result of DEFENDANTS, and each of their behaviors, BELL has suffered, and continues to suffer, substantial losses in past and future earnings, bonuses, deferred compensation, and other employment benefits, all to BELL's damage in an amount according to proof at trial.

67.    As a result of DEFENDANTS' behavior, BELL has suffered and incurred and is presently suffering and incurring, serious harm and damage to BELL's personal and professional reputation and credibility, all to BELL's damage in an amount according to proof at trial.

68.    As a result of DEFENDANTS' behavior, BELL has suffered, and continues to suffer, severe and lasting embarrassment, humiliation, mental anguish and emotional distress, and incidental and consequential damages and expenses, all to BELL's damage in an amount according to proof at trial.

69.    BELL is informed and believes, and thereon alleges, that DEFENDANTS and their managing agents and employees committed the acts described herein deliberately, callously, maliciously, fraudulently and in an oppressive manner intended to injure BELL and that such improper motived amounted to malice and a conscious disregard of BELL's rights. In doing the acts herein alleged, DEFENDANTS, and their managing agents and employees, were acting pursuant to the authorization of DEFENDANTS. An award of punitive damages against DEFENDANTS is therefore warranted.

70.    As a result of the discriminatory conduct of DEFENDANTS, and each of them, as alleged herein, BELL is entitled to costs of suit, including reasonable attorney's fees, pursuant to Government Code § 12965(b), in according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, BELL demands judgment against CHMC, CHS, and DEFENDANT DOES, and their agents and employees as follows:

1.    Actual damages, including loss of past earnings, bonuses, deferred compensation, and other employment benefits in an amount according to proof at time of trial;

2.    General and special damages, including, but not limited to, pain and suffering, emotional distress, loss of reputation and medical expenses, in an amount according to proof at time of trial;

3.    Consequential and incidental damages and expenses, in an amount according to proof at time of trial;

4.    Pre-judgment and post-judgment interest, at the prevailing legal rate;

5.  As to the First, Second, and Third Causes of Action, for attorney's fees pursuant to Government Code § 12965(b);

6.  As to the First, Second, and Third Causes of Action, for punitive damages in an amount appropriate to punish DEFENDANTS for their wrongful conduct and set an example for others;

7.  For costs of suit incurred herein; and

8.  For such other and further relief as the Court may deem just, proper and equitable.

DATED:  January 17, 2022          SESSIONS & KIMBALL LLP

By: _____
LARRY HERRERA
Attorneys for plaintiff
JESSICA BELL

## JURY TRIAL DEMAND

Plaintiff JESSICA BELL hereby makes a demand for her constitutional right to trial by jury for all triable issues in the above–titled action.

DATED:  January 17, 2022          SESSIONS & KIMBALL LLP

By: _____
LARRY HERRERA
Attorneys for plaintiff
JESSICA BELL

Electronically Filed by Superior Court of California, County of Orange, 01/18/2022 08:00:00 AM.
30-2022-01241098-CU-WT-WJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Hailey McMaster, Deputy Clerk.

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Larry Herrera                                                    SBN:
Sessions & Kimball LLP
23456 Madero, Suite 170, Mission Viejo, CA 92691
TELEPHONE NO.: (949) 380-0900    FAX NO. (Optional): (949) 380-8283
E-MAIL ADDRESS: leh@job-law.com
ATTORNEY FOR (Name): Jessica Bell

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE
STREET ADDRESS: West Justice Center
MAILING ADDRESS: 8141 13th Street
CITY AND ZIP CODE: Westminster, CA 92683
BRANCH NAME:

CASE NAME: Bell v. Union Pacific Railroad Company

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 30-2022-01241098-CU-WT-WJC<br>JUDGE: Judge Richard Lee<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (specify): 3
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 17, 2022

Larry Herrera
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 8141 13th STREET<br>MAILING ADDRESS: 8141 13th Street<br>CITY AND ZIP CODE: Westminster 92683<br>BRANCH NAME: West Justice Center | FOR COURT USE ONLY<br>**FILED**<br>*SUPERIOR COURT OF CALIFORNIA*<br>*COUNTY OF ORANGE* |
|---|---|
| PLANTIFF: Jessica Bell | **Jan 18, 2022** |
| DEFENDANT: Union Pacific Railroad Company | Clerk of the Court<br>By: Hailey McMaster, Deputy |
| Short Title: BELL VS. UNION PACIFIC RAILROAD COMPANY | |

| NOTICE OF HEARING<br>CASE MANAGEMENT CONFERENCE | CASE NUMBER:<br>30-2022-01241098-CU-WT-WJC |
|---|---|

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>06/23/2022</u> at <u>01:30:00 PM</u> in Department <u>W15</u> of this court, located at <u>West Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html

**QUAN TRONG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html

Clerk of the Court, By: _H. McMaster_ , Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

West Justice Center
8141 13th STREET
Westminster 92683

**SHORT TITLE:** BELL VS. UNION PACIFIC RAILROAD COMPANY

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**30-2022-01241098-CU-WT-WJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above <u>Notice of Hearing</u> has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at <u>Westminster</u>, <u>California</u>, on <u>01/18/2022</u>. Following standard court practice the mailing will occur at <u>Sacramento</u>, <u>California</u> on <u>01/19/2022</u>.

Clerk of the Court, by: *H. McMaster* _____ , Deputy

SESSIONS & KIMBALL LLP
23456 MADERO # 170
MISSION VIEJO, CA 92691

---

V3 1013a (June 2004)                                                      Code of Civil Procedure , § CCP1013(a)